By the Court.—Curtis, J.
It is provided by the 321st section of the Code, that “ in actions in which the cause of action shall by assignment after the commencement of the action, or in any other manner, become the property of a person not a party to the action, such person shall be liable for the costs, in the same manner as if he were a party, and payment therefor may be enforced by attachment.”
It seems to be clearly intended by tMs provision of the Code, that when a cause of action in suit becomes the property of a person not a party to the action, such person shall not only be liable for the costs, but also to be attached for non-payment of them.
It is objected on the part of the assignee, that he is the trustee of an express trust, within the meaning of the 317th section of the Code, and not chargeable with costs. That section provides that “ such costs shall be Chargeable only upon or collected of the estate, fund or party represented, unless the court shall direct the same to be paid by the plaintiff or defendant personally, for mismanagement or bad faith in such action or defence.” This appears to contemplate that the express trust em *80 braced in it shall be snch a one as the State courts have control over, and can make orders in respect to, and exercise the supervision to determine what shall be made chargeable upon the trust estate, and what upon the trustee personally. But the State courts have no such supervision or control over an assignee in bankruptcy, appointed such under the laws of the United States, or the power to direct any disposition of any portion of the trust estate that may come into the assignee’s control by virtue of such appointment. Such assignee, when he avails himself of the State courts to prosecute a suit, knows that the State courts cannot protect him personally from liability to pay the costs of an unsuccessful litigation, by directing them to be chargeable upon the assets in his hands, even though it would be just and right that they should be so charged. He incurs the responsibility of costs with his eyes open, and he must look to the Federal court, under whose authority he is appointed and acts, to protect him, as it undoubtedly would in all reasonable and proper steps.
It is obvious that this assignee in bankruptcy is not, in the purview of the Code, “a trustee of an express trust.” If he was to be held such, it would defeat the very purposes of the provision, and would leave the courts open for the prosecution of suits by a class of persons who, when defeated, would escape the payment of costs, both in person and from the assigned assets, and inflict wrongs which the courts where the suits were prosecuted would be powerless to redress.
It is also urged on the part of the assignee, that the enforcing the payment of these costs by attachment is in effect a violation of the act prohibiting imprisonment for debt, and a return to barbarism.
It may possibly be, that the prosecution of a suit by an assignee in bankruptcy, and which the law presumes he only does with assets in Ms hands to pay costs if he does not succeed, and the subjecting by him *81 of a defendant to great loss and expense thereby, constitutes a very different obligation on the part of the assignee, than that which the legislature had in view when they prohibited imprisonment in cases where a credit had been given arising out of a voluntary contract entered into by the consent of all parties to it. Justice and fair dealing would seem to require that an assignee in bankruptcy, with assets in his control, who subjects a defendant to costs and expenses, and who does not pay what the law requires him to pay the successful defendant—so often a scanty remuneration—should be placed upon a different footing and subjected to more stringent remedies than a simple debtor, to whom credit had been extended in a voluntary contract, and who has exercised no official powers and privileges to create an obligation on his part to pay, or to subject his creditor to disbursements and costs.
There is no collision with the law prohibiting imprisonment for debt, in the remedy sought to be enforced against the assignee. The enforcement of the law-of the State, and that too in furtherance of what is but simple justice, can never be construed as a return to barbarism.
I concur in the views expressed by the learned judge who made the order appealed from, and think that order should be affirmed with costs.